UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

AMY WRIGHT,

        Plaintiff,

      v.

THE HOME DEPOT, INC., et al.,

        Defendants.

Case No.   25-cv-09686-EJD

**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED TO STATE COURT**

Plaintiff Amy Wright ("Plaintiff") commenced this action on October 1, 2025, in the Superior Court of Santa Clara County.  Complaint ("Compl."), ECF No. 1, Exhibit A.  Plaintiff alleges eleven claims: seven violations of California's Fair Housing and Employment Act ("FEHA"), three violations of the California state labor code, and wrongful termination in violation of public policy.  *Id*. ¶¶ 11–66.

Defendants removed the case to this Court on November 10, 2025.  Notice of Removal, ECF No. 1.  A defendant may remove an action from state court to a federal court of original jurisdiction.  28 U.S.C. § 1441(a).  Once a case is removed to federal court, the court has an independent obligation to determine that it has federal subject matter jurisdiction.  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004).  The removed action must be remanded back to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. 1447(c).  "The removal statute is strictly construed against removal jurisdiction . . . [and] [t]he defendant bears the burden of establishing that removal is

United States District Court
Northern District of California

proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) ("A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction.").

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Federal jurisdiction can arise in two ways: (1) from the presence of a federal question, or (2) from diversity of the parties. *See* 28 U.S.C. §§ 1331 (federal question); 1332 (diversity). Defendants here only assert diversity jurisdiction. *See* Notice of Removal ("Notice"). Diversity jurisdiction requires that the parties be citizens of different states and the matter in controversy exceed $75,000. 28 U.S.C. § 1332.

Here, Plaintiff is a citizen of California and Defendant is a Delaware corporation with its principal place of business in the State of Georgia. Notice at 2. The parties are diverse.

Defendants have not, however, demonstrated that the amount in controversy exceeds $75,000. Plaintiff's operative complaint does not ask for a specific amount of money. *See* Compl. Defendant contends Plaintiff seeks damages exceeding $75,000. Notice at 2. Defendant calculates Plaintiff's lost wages to be $23,985. *Id*. at 3. Defendant anticipates that Plaintiff will ask for one year's salary in emotional distress, which would be $23,400. *Id*. at 3. That brings Defendant to $47,385. Defendant then claims that there is the possibility of "sizable punitive damages" and that attorney's fees "will easily exceed $75,000 by itself." *Id*. at 4, 3.

Fees are included in the amount in controversy calculation. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met."). When the court or the plaintiff questions the defendant's assertion of the amount in controversy, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee*

Case No.: 25-cv-09686-EJD
ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED
2

*Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014).  In assessing the amount in controversy, "a removing defendant is permitted to rely on a chain of reasoning that includes assumptions," but "such assumptions cannot be pulled from thin air"—they "need some reasonable ground underlying them."  *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (citation modified).

Here, Defendant has not provided any reasonable ground for the notion that attorney's fees "will easily exceed $75,000."  Notice at 3.  There is no "chain of reasoning" for the Court to follow.  *Arias*, 936 F.3d at 925.  As a result, the Court finds that Defendant has not met their burden to demonstrate that removal is proper.

Based on the foregoing, the Court **ORDERS** Defendant to **SHOW CAUSE** as to why this action should not be remanded to state court.  The Court sets an Order to Show Cause Hearing for April 2, 2026, at 10:00 a.m.  Defendant shall respond to this Order no later than **February 23, 2026.**  Plaintiff shall reply by **March 2, 2026.**  Failure to respond to the Court's order will result in remand of this case to the Santa Clara County Superior Court.

The Court **VACATES** the February 19, 2026, initial case management conference pending resolution of the jurisdictional issue.

**IT IS SO ORDERED.**

DATED:  February 13, 2026

_____
EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California

Case No.: 25-cv-09686-EJD
ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED
3