UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AMY WRIGHT, | Case No.  25-cv-09686-EJD |
| Plaintiff, | **ORDER REMANDING CASE TO STATE COURT** |
| v. | |
| THE HOME DEPOT, INC., et al., | |
| Defendants. | |

Plaintiff Amy Wright commenced this action against Defendants The Home Depot, Inc., and Home Depot U.S.A., Inc. ("Defendants") on October 1, 2025, in the Superior Court of Santa Clara County.  Complaint ("Compl."), ECF No. 1, Exhibit A.  Defendants asserted diversity jurisdiction and removed the case to this Court on November 10, 2025.  Notice of Removal ("Notice"), ECF No. 1.  The Court questioned whether the amount in controversy was sufficient to establish diversity jurisdiction and issued an Order to Show Cause as to why the action should not be remanded to state court.  Order to Show Cause ("OSC"), ECF No. 17.  In response, Defendants stated that they would not oppose remand to state court.  Response, ECF No. 18.  For the reasons explained below, the Court finds Defendants failed to establish that the Court has subject matter jurisdiction and **REMANDS** this action back to Santa Clara County Superior Court.

## I.    LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A defendant may remove an action from state court to a federal

Case No.: 25-cv-09686-EJD
ORDER REMANDING CASE TO STATE COURT
1

court of original jurisdiction. 28 U.S.C. § 1441(a). But the federal court has an independent obligation to determine that it has federal subject matter jurisdiction, *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004), and must remand an action to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction . . . [and] [t]he defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) ("A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction.").

## II.    ANALYSIS

Federal jurisdiction can arise in two ways: (1) from the presence of a federal question, or (2) from diversity of the parties. *See* 28 U.S.C. §§ 1331 (federal question), 1332 (diversity). Diversity jurisdiction requires that the parties be citizens of different states and the matter in controversy exceed $75,000. 28 U.S.C. § 1332. In removing this case to federal court, Defendants assert diversity jurisdiction. Notice at 2.

Here, Plaintiff is a citizen of California and Defendants are both Delaware corporations with their principal place of business in the State of Georgia. *Id*. The parties are diverse.

Defendants have not, however, demonstrated that the amount in controversy exceeds $75,000. Plaintiff's operative complaint does not ask for a specific amount of money. *See* Compl. Defendants contend Plaintiff seeks damages exceeding $75,000. Notice at 2. Defendants calculate Plaintiff's lost wages to be $23,985. *Id*. at 3. Defendants anticipate that Plaintiff will ask for one year's salary in emotional distress, which would be $23,400. *Id*. at 3. That brings Defendants to $47,385. Defendants then claim that there is the possibility of "sizable punitive damages" and that attorney's fees "will easily exceed $75,000 by itself." *Id*. at 4, 3.

Case No.: 25-cv-09686-EJD
ORDER REMANDING CASE TO STATE COURT

2

United States District Court
Northern District of California

The amount in controversy includes fees. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met."). In assessing the amount in controversy, "a removing defendant is permitted to rely on a chain of reasoning that includes assumptions," but "such assumptions cannot be pulled from thin air"— they "need some reasonable ground underlying them." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (citation modified).

Here, Defendants have not provided any reasonable ground for the notion that attorney's fees "will easily exceed $75,000." Notice at 3. There is no "chain of reasoning" for the Court to follow. *Arias*, 936 F.3d at 925. And when given the opportunity to show why their calculations are reasonable, Defendants declined, instead opting to "conduct discovery related to the amount in controversy" after remand. Response at 2. As a result, the Court finds that Defendants have not met their burden to demonstrate that removal is proper.

## III.    CONCLUSION

Based on the foregoing analysis, the Court **REMANDS** this case back to the Superior Court for further proceedings.

**IT IS SO ORDERED.**

Dated: March 31, 2026

EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California

Case No.: 25-cv-09686-EJD
ORDER REMANDING CASE TO STATE COURT
3